## PRESSLEY v. THE STATE.

CANDLER, J.    1. As a measure conducive to the public safety, it is within the
power of the General Assembly to pass an act making penal the "stealing or
attempting to steal a ride on railroad trains," and this is so whether or not
the ride so "stolen" is the subject-matter of larceny.
2. The act in question is not, for any of the reasons urged, unconstitutional.
The special plea offered by the accused was properly stricken by the court.
The accused having admitted that, on the day named in the accusation, "he
had concealed himself upon the train by hiding thereon from the conductor
of the train, for the purpose of avoiding the payment of fare and of stealing
a ride upon said train," his conviction was not only warranted, but was de-
manded, and the refusal of a new trial was not erroneous.

*Judgment affirmed.    By five Justices.*

Argued July 22, — Decided August 11, 1903.

Accusation of misdemeanor.    Before Judge Reece.    City court
of Floyd county.    June 29, 1903.

The accusation charged that the plaintiff in error "did ride in,
on, and upon a certain railroad train of the Southern Railway Com-
pany, having concealed himself from the conductor of said train
by hiding thereon for the purpose of avoiding the payment of fare
and of stealing a ride thereon, and did then and there steal a ride
thereon." He demurred on the grounds, that the matters averred
constitute no offense against the State; that it is not alleged that
the Southern Railway Company is a domestic corporation or was
chartered in Georgia, or is domiciled therein; that riding on a train
without payment of fare is not a theft, nor is such act in riding
free the subject-matter of a theft; that "the act is unconstitutional,
because it seeks to punish the failure to pay fare, by fine, impris-
onment, and penal servitude, the fare being a debt due the carrier,
. . because the train crew are police officers who can lawfully
eject any person for failure to pay fare on demand;" and that "it
is not stated when, where, or how defendant was discovered, by
whom or in what way he entered the train, where he was ejected,
the distance traveled, or how he was concealed, or in what manner
he hid himself from the train conductor on said train." He also
filed a special plea, that "the Southern Railway Company is not a
citizen of, and has no Georgia charter.    It is not in fact a domes-
tic railway company, nor is it such in legal contemplation, nor is
it a railway company within the legislative intent enunciated in

the Acts of 1897, page 116 ; but is an alien, does not come within the provisions of said statute, and as such alien corporation is in no legal sense within said statutory provisions, takes nothing under said statute, and is not a railway company within the meaning of said penal statute." The overruling of the demurrer and the plea were excepted to.

*Henry Walker*, for plaintiff in error.
*Moses Wright, solicitor-general*, contra.